# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

AARON MICHAEL COSENTINO
SANDS,

      Plaintiff,

      v.                              Case No.:  6:25-cv-01923-JSS-LHP

STOUT RISIUS ROSS, LLC,
HEALTHCARE APPRAISERS,
LLC,

      Defendants,

## ORDER

This case involves an employment-related dispute by which Plaintiff Aaron Michael Cosentino Sands brings claims for violations of the Family and Medical Leave Act ("FMLA") and for wrongful termination against his former employer Defendant Healthcare Appraisers, LLC ("Healthcare Appraisers") and the company that acquired Healthcare Appraisers after Plaintiff's termination, Defendant Stout Risius Ross, LLC ("Stout").  Doc. No. 4.

Now before the Court is Stout's Motion to Compel Responses to First Requests for Admissions.  Doc. No. 28.  Stout submits with the motion the Requests for Admission ("RFAs"), Plaintiff's responses to the RFAs, and a good faith letter regarding the RFAs.  Doc. Nos. 28-1, 28-2, 28-3.  According to Stout, Plaintiff does

not specifically admit or deny any of the RFAs, and Stout seeks to compel Plaintiff to serve amended responses to the RFAs to either admit or deny them as required by Federal Rule of Civil Procedure 36, and an award of fees for bringing the motion. Doc. No. 28.

Plaintiff opposes.    Doc. No. 29.[1]    Plaintiff contends that the RFAs are "argumentative, compound and are of no substantial importance to the case and the answers Plaintiff already provided to Defendant are sufficient." *Id.* at 1; *see also* Doc. Nos. 9, 11.  Plaintiff also argues that Stout is attempting to resolve a factual dispute regarding whether Stout acquired Defendant Healthcare Appraisers via an acquisition or de facto merger, which is at issue in a pending motion to dismiss. Doc. No. 29, at 3–4.  Plaintiff further argues that some of the wording of the RFAs is too vague and ambiguous to respond.  *Id.* at 4.

Requests for admission are governed by Federal Rule of Civil Procedure 36. Pursuant to Rule 36, a party may serve on any other party a written request to admit, for purposes of the pending action, "the truth of any matters within the scope

---

[1] Plaintiff's response was untimely filed on April 17, 2026, as the deadline for responding was April 13, 2026.  Doc. No. 29; *see* Doc. No. 20 ¶ 5 (providing that a response to a discovery motion must be filed no later than five days after the motion).   In this one instance, and in consideration that Plaintiff proceeds *pro se*, the Court has elected to allow the filing to stand.  Plaintiff is cautioned, however, that future filings that fail to comply with all applicable Federal Rules of Civil Procedure, Local Rules, and Court Orders may be summarily stricken or denied without further notice.  *See also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989), *cert. denied*, 493 U.S. 863 (1989) (*pro se* litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

2

of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). The Rule's purposes are "to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial." *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1264 (11th Cir. 2002) (citation omitted). As relevant here, Rule 36 further provides as follows:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

Upon consideration, the Court finds Stout's contention that Plaintiff wholly "avoids admitting or denying **any** of the requests" unpersuasive. *See* Doc. No. 28, at 2 (emphasis in original). While true that Plaintiff does not specifically use the words "admit" or "deny," it is clear from Plaintiff's responses that he is admitting several of the requests by parroting back the language of the RFA, with a qualification, which is permissible under Rule 36(a)(4). As but one example, RFA 2 and Plaintiff's response state:

> 2. Admit that your employment was terminated by Healthcare Appraisers on October 4, 2023.

3

> Response:  Plaintiff was terminated on October 4, 2023 by Healthcare Appraisers, which upon information and belief, in or about May 2024, was taken over & is now a wholly subsumed part of Defendant Stout Risius Ross, LLC.

Doc. No. 28-1, at 4; Doc. No. 28-2, at 2.

It is clear from Plaintiff's response that he admits to RFA 2, with a qualification.  *See* Fed. R. Civ. P. 36(a)(4) ("[W]hen good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.").  The same holds true for RFAs 3, 4, 7, 8, 10, 13, 15, and 16, in which Plaintiff essentially admits to the RFA, with qualification. *See* Doc. Nos. 28-1, 28-2.  Stout points to no legal authority demonstrating that Plaintiff must specifically use the word "admit" in response.  Doc. No. 28. Accordingly, Stout's motion (Doc. No. 28) will be denied with respect to RFAs 2, 3, 4, 7, 8, 10, 13, 15, and 16.  *See* Fed. R. Civ. P. 36(a)(4); *see also Prime Prop. & Cas. Ins. Co. v. Kepali Grp., Inc.*, No. 21-81787-CV, 2022 WL 18781038, at *2 (S.D. Fla. Nov. 8, 2022) (rejecting argument that RFAs required "yes" or "no" answers and therefore simple admissions or denials without qualification).  *Cf. Maggie's Auto Sales & Servs., LLC v. State Farm Fire & Cas. Co.*, No. 2:23-CV-03773-DCN, 2025 WL 329128, at *3

(D.S.C. Jan. 29, 2025) ("Utilizing the 'magic words' of Rule 36(a)(4) does not discharge the duty of a responding party to comply with Rule 36 in good faith.").[2]

However, the Court agrees with Stout that Plaintiff fails to comply with Rule 36 in failing to admit or deny several other RFAs, to include RFAs 9, 11, 14, 17, 18, 19, 20, and 25.   For example, RFA 9 and the response state:

> 9. Admit that you have no evidence that Stout ever directed or otherwise controlled your work hours or schedule.
>
> Response:  Plaintiff's work hours and schedule were set by individuals employed by Healthcare Appraisers, which upon information and belief, in or about May 2024, was taken over & is now a wholly subsumed part of Defendant Stout Risius Ross, LLC.

Doc. No. 28-1, at 5; Doc. No. 28-2, at 3.  Plaintiff responds similarly to RFAs 11, 14, 17, 18, 19, 20, and 25.  *Id.*  Unlike the previously discussed RFAs, in these, Plaintiff does not appear to admit anything in the RFA, nor does he expressly deny it. Accordingly, Stout's motion with regard to RFAs 9, 11, 14, 17, 18, 19, 20, and 25 is well taken.  Fed. R. Civ. P. 36(a)(6).  *Cf. Deya v. Hiawatha Hosp. Ass'n, Inc.*, No. 10-2263-JAR/GLR, 2011 WL 1559422, at *3 (D. Kan. Apr. 25, 2011) ("Rule 36(a)(4) itself permits a qualified response, if necessary.  But it does not authorize a respondent to evade the request for admission with an answer to some imaginary, collateral

---

[2] The Court finds unpersuasive Stout's contention that Plaintiff is improperly injecting argument into his response by way of his qualifications.  *See* Doc. No. 28, at 3. Notably, in *In re Beaulieu Grp., LLC*, 645 B.R. 668 (Bankr. N.D. Ga. 2022), on which Stout relies, the Court found the qualifications at issue permissible.  645 B.R. at 676.

question."). [3]  Also, with regard to RFA 1, while Plaintiff attempts to parrot back Stout's language, Plaintiff omits the word "analyst."  Doc. No. 28-1, at 4; Doc. No. 28-2, at 2.  Accordingly, because it is not clear whether Plaintiff intended to admit or deny a portion of this RFA, the Court will require revision to the response to RFA 1 as well.  Fed. R. Civ. P. 36(a)(6).

In response to several other RFAs, Plaintiff says that he "does not currently possess" knowledge or evidence sufficient to respond, specifically RFAs 5, 6, 12, and 24.  Doc. Nos. 28-1, 28-2.  These responses also do not comply with Rule 36's requirements, in that they fail to state that Plaintiff "has made reasonable inquiry and that the information [he] knows or can readily obtain is insufficient to enable [him] to admit or deny."  *See* Fed. R. Civ. P. 36(a)(4).  Accordingly, Stout's motion is also due to be granted as it relates to RFAs 5, 6, 12, and 24.  *See, e.g.*, *Jackson v. Fulton Cnty., Georgia*, No. 1:12-CV-0518-ODE-ECS, 2015 WL 12859407, at *30 (N.D. Ga. Jan. 26, 2015), *report and recommendation adopted*, 2015 WL 12862930 (N.D. Ga. Mar. 11, 2015) (stating that respondent "is without knowledge or information sufficient to form a belief" without stating that it undertook any reasonable inquiry whatsoever

---

[3] In response to the motion to compel, Plaintiff suggests that because the question of how Stout acquired Healthcare Appraisers is at issue in a pending motion to dismiss, Stout is improperly seeking to resolve the issue through discovery.  Doc. No. 29, at 2–3. This objection was not raised in response to the RFAs, however.  Doc. No. 28-2; *see also* Fed. R. Civ. P. 36(a)(5) ("The grounds for objecting to a request must be stated.").  And generally speaking, the argument is unpersuasive.  *See* Fed. R. Civ. P. 36(a)(5) ("A party must not object solely on the ground that the request presents a genuine issue for trial.").

6

rendered responses defective under Rule 36); *see also Odom v. Roberts*, 337 F.R.D. 347, 352 (N.D. Fla. 2020) ("Statements of inability to admit or deny are of course permitted by Rule 36, but they must be supported by specific reasons." (citation omitted)).

Plaintiff objected to RFAs 21, 22, and 23 on vagueness grounds, as follows:

21. Admit that you were never disciplined by an employee of Stout.

Response: Plaintiff can't answer because the question is vague and Defendant has not provided any definition of what Defendant considers "discipline."

22. Admit that Stout did not control the manner in which you performed your work.

Response: Plaintiff can't answer because the phrase "control the manner" is vague and Defendant has not provided a definition of "control the manner."

23. Admit that you have no evidence that Stout controlled the manner in which you performed your work.

Response: Plaintiff can't answer because the phrase "control the manner" is vague and Defendant has not provided any definition of "control the manner."

Doc. No. 28-1, at 6; Doc. No. 28-2, at 4–5.

Plaintiff bears the burden of supporting such objections. *E.g.*, *Kuehn v. Cadle Co., Inc.*, No. 5:04-cv-432-Oc-10GRJ, 2006 WL 8439417, at *2 & n.5 (M.D. Fla. May 15, 2006). He has not. In response to the motion to compel, Plaintiff simply says that Stout failed to provide a definition of "discipline." Doc. No. 29, at 4. But, to the

extent that Plaintiff was unsure of the meaning of the phrases "discipline," or "control the manner," Plaintiff should have given the terms a reasonable interpretation, and then used that interpretation to provide his response. *See, e.g.*, *Connectus LLC v. Ampush Media, Inc.*, No. 8:15-cv-2778-T-33JSS, 2016 WL 6996147, at *5 (M.D. Fla. Nov. 30, 2016) ("[T]o the extent Ampush is unsure of the term's meaning, it should give it a reasonable interpretation (which may be specified in the response) and offer an answer designed to provide, rather than deny, information." (citation and quotation marks omitted)); *see also Ash Grove Cement v. Emps. Ins. of Wausau*, No. 05-2339-JWL, 2007 WL 2333350, at *5 (D. Kan. Aug. 16, 2007) ("Plaintiff can admit or deny the requests that contain undefined terms based upon its own definition of the terms.").[4]  Accordingly, Stout's motion is due to be granted with respect to RFAs 21, 22, and 23.

Finally, Stout seeks fees for bringing the motion.  Doc. No. 28, at 3.  Because the motion will be granted in part and denied in part, the Court declines to award fees in this instance.  Fed. R. Civ. P. 36(a)(6); Fed. R. Civ. P. 37(a)(5)(C).

Based on the foregoing, it is **ORDERED** as follows:

---

[4] In this employment-related dispute, the terms are relatively clear to the Court, in that "control the manner" appears related to the control Stout exercised over the terms and conditions of Plaintiff's employment through the date of his termination, and "discipline" appears related to adverse employment actions during Plaintiff's employment.

8

1.     Defendant Stout Risius Ross, LLC's Motion to Compel Responses to First Requests for Admissions (Doc. No. 28) is **GRANTED in part**.

2.     Within **fourteen (14) days** of the date of this Order, Plaintiff shall serve on Stout amended responses to RFAs 1, 5, 6, 9, 11, 12, 14, 17, 18, 19, 20, 21, 22, 23, 24, and 25, as set forth herein.   Plaintiff's amended responses must specifically admit or deny each request (in whole or in part, and if in part, specify which part), if denied explain the basis for the denial, and if Plaintiff says he cannot specifically admit or deny any request, state in detail why Plaintiff is unable to do so.   *See* Fed. R. Civ. P. 36(a)(4); *see also Centennial Bank v. ServisFirst Bank Inc.*, No. 8:16-cv-88-T-36JSS, 2019 WL 13037033, at *3 (M.D. Fla. Sept. 5, 2019) (noting that the responding party "must specifically admit or deny the requests, and if denied, explain the denial in detail"); *State Farm Mut. Auto. Ins. Co. v. Duval Imaging, LLC*, No. 3:07-cv-627-J-20JRK, 2009 WL 10674495, at *4 (M.D. Fla. Oct. 28, 2009) ("With respect to each of the disputed requests, Defendants must admit, specifically deny, or state in detail why they cannot truthfully admit or deny." (citing Fed. R. Civ. P. 36(a)(4)). Plaintiff may assert lack of knowledge or information as a reason for failing to admit or deny only if he can establish that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny the request.  Fed. R. Civ. P. 36(a)(4).

9

3.      Stout's motion (Doc. No. 28) is **DENIED in all other respects**.

**4.      Plaintiff is cautioned that failure to comply with this Order may result in sanctions.**  *See* **Fed. R. Civ. P. 37(b).**

**DONE** and **ORDERED** in Orlando, Florida on April 21, 2026.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

10